UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - - -

UNITED STATES OF AMERICA,

       Plaintiff,                                      No. 1:11-CR-301

v.                                                Hon. Robert Holmes Bell
                                                    United States District Judge

KEYON LADON GIBSON,

       Defendant.
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

The government herein responds to the objections to the Presentence Investigation Report (PSR) lodged by Defendant Keyon Ladon Gibson, specifically, his objections to his classification as an Armed Career Criminal and the proposed four-level enhancement for possession of a firearm "in connection with" another felony offense.

### ARGUMENT

**A.    D<small>EFENDANT</small> I<small>S</small> A<small>N</small> A<small>RMED</small> C<small>AREER</small> C<small>RIMINAL</small>.**

Defendant is an Armed Career Criminal under Title 18, United States Code, Section 924(e), because his criminal history includes at least three previous "serious drug offenses" as that term is defined under the statute. Defendant does not dispute that his two adult convictions for delivery or manufacture of less than 50 grams of cocaine – sustained, respectively, in 1998 and 2006 – count as "serious drug offenses." However, he objects to the classification of his 1995 juvenile adjudication for possession with intent to deliver less than 50 grams of cocaine as a serious drug offense. Defendant's argument is meritless.

1

The Armed Career Criminal Act (ACCA) provides, in pertinent part, that a "serious drug offense" is "an offense under state law, involving . . . possessing with intent to . . . distribute, a controlled substance, for which a maximum term of imprisonment of ten years or more [is applicable]." 18 U.S.C. § 924(e)(2)(A)(ii). In this case, Defendant's 1995 juvenile adjudication for possession of cocaine with intent to deliver, pursuant to Michigan Compiled Laws § 333.7401(2)(a)(iv), was (and still is) punishable by up to 20 years' imprisonment. Thus, as a threshold matter, this conviction is a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A)(ii).

Defendant contends that this drug offense should not be counted because Defendant sustained it as a juvenile, and raises three arguments: (1) the ACCA is silent as to juvenile delinquency and "serious drug offenses"; (2) the maximum statutory penalty to which Defendant was subject was less than 10 years, because the juvenile court could only retain jurisdiction until Defendant turned 21 years of age; and (3) juvenile delinquency proceedings technically are not "criminal" proceedings. (Add. to PSR at 1-2). As the PSR aptly points out, none of these arguments has merit.

As a threshold matter, the plain language of the ACCA, which makes no exception and does not amend the definition of "serious drug offense" as applied to juvenile convictions, controls. Moreover, while there is no authority in this circuit directly on point, the Sixth Circuit has held that procedurally sound juvenile convictions count as ACCA predicates. *See United States v. Crowell*, 493 F.3d 744 (6th Cir. 2007). Defendant cannot point to any deficiency of due process in his 1995 adjudication. Additionally, the Sixth Circuit has discussed the potential applicability of the ACCA to minors, and in that case indicated that "the age of the offender has

no impact on whether a serious drug crime counts as a predicate offense under ACCA...." *United States v. Jarnigan*, 410 Fed. App'x 951, 954 (6th Cir. 2011).[1]

A published decision from the Tenth Circuit, *United States v. Coleman*, 656 F.3d 1089 (10th Cir. 2011), presents a situation more analogous to the instant case.  In *Coleman*, the Tenth Circuit specifically rejected several of the same arguments raised by Defendant, and ultimately held that the definition of serious drug offense contains no exceptions for juveniles, because it is based entirely on the maximum term of imprisonment prescribed by law.  *Id.* at 1092.  In short, Defendant's hyper technical and convoluted reading of the ACCA is untenable.  Defendant's 1995 adjudication is his third predicate "serious drug offense" under the ACCA.

**B.    THE "IN CONNECTION WITH" ANOTHER FELONY OFFENSE ENHANCEMENT APPLIES BECAUSE THE FIREARM FACILITATED OR HAD THE POTENTIAL TO FACILITATE DEFENDANT'S DRUG TRAFFICKING.**

The PSR recommends a four-level increase pursuant to USSG § 2K2.1(b)(6), because Defendant possessed a firearm "in connection with" the felony offense of distributing controlled substances, specifically, cocaine and cocaine base, and applies a related Guideline cross-reference.  (PSR ¶¶ 21-22; Add. to PSR at 3-4.)  According to the Sentencing Guidelines, the four-level enhancement should apply if the firearm "facilitated, or had the potential of facilitating, another felony offense...."  USSG § 2K2.1, cmt. n.14(A); *United States v. Clay*, 346 F.3d 173, 175, 179 (6th Cir. 2003) (affirming application of "in connection with" enhancement where defendant was apprehended with firearm and 1.1 grams of cocaine base); *United States v. Coleman*, 627 F.3d 205, 212-13 (6th Cir. 2010) (enhancement applied where district court found

---

[1] It should be noted that the *Jarnigan* defendant – though only a teenager at the time he sustained the drug convictions at issue in his case – was charged and convicted as an adult, unlike Defendant.  However, the principle espoused by the Sixth Circuit in *Jarnigan* remains applicable.

that defendant's possession of ammunition facilitated or potentially facilitated felony drug trafficking). The Guidelines make clear that, when the "other offense" is a drug trafficking felony, the enhancement should be applied where a firearm "is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." USSG § 2K2.1 at cmt. n. 14(B). The defendant need not have been convicted of, nor even charged with, the other felony offense. *See id.* at cmt. n. 14(C).

The evidence strongly supports the application of the enhancement. As the PSR indicates, the evidence demonstrates that Defendant was embroiled with, among others, Daniel Tekeste, Ernest Gibbs, Derek Gibbs, and Darryl Matthews, in a long-term conspiracy to distribute cocaine base at the time he unlawfully possessed the firearms at issue. (PSR ¶¶ 12-13; Add. to PSR at 3-4.) Defendant fully admitted to this conduct in a post-*Miranda* interview with arresting federal agents. (PSR ¶¶ 11-13.) Moreover, as the PSR indicates, the firearm Defendant stands convicted of possessing was found in close proximity to drug paraphernalia, in a small apartment where drugs were being distributed by Defendant and Tekeste. (Add. to PSR at 4.) Finally, there is no question that the conspiracy to distribute crack cocaine was in progress at the time Defendant possessed the firearm, by his own admissions. (*Id.*)

Finally, Defendant's objection to the enhancement is meritless. He argues that no drugs were found in the residence, and that the digital scale is not illegal *per se*. (Add. to PSR at 3.) But this is not the standard for the application of the enhancement. The standard is whether the firearm facilitated, or had the potential to facilitate, another felony offense. Clearly, the firearm had the potential to facilitate an ongoing drug trafficking conspiracy by affording protection for the conspirators. Moreover, firearm in question is a sawed-off shotgun, a firearm that clearly would be useful to intimidate would-be drug trafficking rivals or protect drugs or money from

theft.

In sum, because the firearm possessed by Defendant potentially facilitated his drug trafficking activities, which were ongoing at the time Defendant unlawfully possessed the firearm, the government respectfully contends that the Court should apply the "in connection with" enhancement and the related cross-reference.

                                                    Respectfully submitted,

                                                    DONALD A. DAVIS
                                                    United States Attorney

Dated: May 16, 2012                            /s/ Heath M. Lynch
                                                    HEATH M. LYNCH
                                                    Assistant United States Attorney
                                                    330 Ionia Ave., NW
                                                    Grand Rapids, MI 49503
                                                    (616) 456-2404