UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - -

UNITED STATES OF AMERICA,

       Plaintiff,                              No. 1:11-CR-301

v.                                           Hon. Robert Holmes Bell
                                                 United States District Judge

KEYON LADON GIBSON,

       Defendant.
_____/

## BRIEF IN SUPPORT OF
## MOTION FOR DOWNWARD DEPARTURE

On January 23, 2012, Defendant Keyon Ladon Gibson pled guilty to Count 1 of the Indictment in this case pursuant to a plea agreement with the government. That count charged him with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1). Because Defendant previously sustained at least three convictions for "serious drug offenses" prior to committing the offense of conviction, he is an "Armed Career Criminal."[1] As such, the maximum penalties Defendant faces are not less than fifteen (15) years and up to life in prison; a period of supervised release of not more than five years; a fine of up to $250,000; and a mandatory special assessment of $100. *See* 18 U.S.C. § 924(e).

As part of his plea agreement, Defendant agreed to cooperate with the government. (Docket No. 16: Plea Agmt. at ¶ 5.) In return for Defendant's guilty plea and cooperation, the government agreed to: (1) dismiss Count 2 of the Indictment, which charged him with being in

---

[1] Defendant disputes his classification as an Armed Career Criminal. The government contends he should be sentenced under that provision.

1

possession of an unregistered firearm; (2) not oppose a reduction for acceptance of responsibility; (3) not use Defendant's proffer information to enhance his sentence; and (4) decide whether to file a motion for departure or reduction of sentence pursuant to USSG § 5K1.1 and/or Rule 35(b). (*Id.* at ¶¶ 6-7.)

Following his arrest on federal charges, Defendant immediately indicated a willingness to cooperate with the government and disclosed information regarding a number of Grand Rapids-area drug traffickers. One of those alleged traffickers, Danny White, was scheduled to go to trial just days after Defendant's arrest. Defendant submitted to a proffer interview and disclosed that White had: (1) fronted Defendant crack cocaine on at least two occasions, and (2) sold Defendant two ounces of crack cocaine on another occasion. Defendant provided additional details concerning cars White drove and the locations of various drug transactions. Defendant also submitted to a follow-up proffer, but none of that information provided actionable.

Defendant eventually testified at White's trial, but only testified to purchasing crack from White "one or two times" and did not provide the level of corroborating detail he had given at his proffer interview.[2]

As a result of the cooperation described above, the government files this motion for reduction of sentence pursuant to Section 5K1.1 of the Sentencing Guidelines. That section provides as follows:

---

[2] In fairness to Defendant, the courtroom at White's trial was filled with individuals known by law enforcement officers to be associates of White. Indeed, court security officers eventually escorted a number of these individuals from the building due to the distracting and possibly intimidating effect they had on government witnesses.

**§ 5K1.1** **Substantial Assistance to Authorities (Policy Statement)**

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

    (a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

        (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

        (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

        (3) the nature and extent of the defendant's assistance;

        (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

        (5) the timeliness of the defendant's assistance.

This section implements the Congressional mandate of 28 U.S.C. § 944(n) that:

> The Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as a minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

3

Once the government has filed a motion for reduction of sentence, the extent of any such reduction is up to the Court. However, such a reduction may be based only on the defendant's substantial assistance. "[A] departure must be based solely upon the 'substantial assistance' rendered by the defendant and the district court cannot impose a sentence which is either specifically prohibited by the statute or unreasonable." *United States v. Snelling*, 961 F.2d 93, 97 (6th Cir. 1991). *See also United States v. Bullard*, 390 F.3d 413, 416 (6th Cir. 2004) (citing cases); *United States v. Grant*, 636 F.3d 803, 813-14 (6th Cir. 2011) (*en banc*). In determining the extent of any reduction, substantial weight should be given to the government's evaluation of the defendant's assistance. *See* U.S.S.G. § 5K1.1, Application Note 3; *United States v. Maduka*, 104 F.3d 891, 895 (6th Cir. 1997).

Where (as here) the defendant is subject to a mandatory minimum sentence, the Court may not sentence below the mandatory minimum unless the government files a motion requesting the Court to do so. *See* 18 U.S.C. § 3553(e); *Melendez v. United States*, 518 U.S. 120, 124 (1996). This motion specifically authorizes the Court to sentence below the mandatory minimum.

<u>Government's Evaluation and Recommendation</u>

The Probation Department has computed the defendant's sentencing guidelines to be level 31, category VI. The corresponding guideline range is 188-235 months.

As a result of the defendant's cooperation to date, the government recommends a downward departure of one level, which would result in a guidelines range of 168-210 months. The Court has the discretion to grant a greater or lesser reduction, but the defendant's substantial assistance must be the "governing principle" in the Court's exercise of its discretion, and "the

reduction may not exceed the value of the (defendant's) assistance." *United States v. Hawn*, 446 F. App'x 793, 798 (6th Cir. 2012).  While the government typically requests more than a single-level departure for defendants who testify in Grand Jury proceedings or at trial, the significant variations between Defendant's proffer statements and his trial testimony, in the view of the government, warrant a lesser departure in this case.

                Respectfully submitted,

                DONALD A. DAVIS
                United States Attorney

Dated: May 21, 2012                /s/ Heath M. Lynch
                HEATH M. LYNCH
                Assistant United States Attorney
                P.O. Box 208
                Grand Rapids, MI 49501-0208
                (616) 456-2404